IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BECKY L. GLOVER, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-1801 |
| UNIV. VILLAGE AT SALISBURY, LLC, *et al.*, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

*I. Background*

Plaintiff Becky L. Glover was employed for several years as a property manager at University Village Apartments in Salisbury, Maryland. She brought this suit claiming employment discrimination and retaliation in violation of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, against University Village at Salisbury, LLC ("University Village"); Onley Road Associates, LLC ("Onley Road"); Lockwood Design and Construction, Inc. ("Lockwood Design"); Darin Lockwood; and Donald Lockwood. (Compl., ECF No. 1.) All Defendants other than Darin Lockwood, who has filed a motion to dismiss, have filed answers. (ECF Nos. 13 & 27.) In addition, University Village and Donald Lockwood filed a counterclaim against Glover for alleged abuse of process, and University Village also counterclaimed against her for alleged tortious interference with actual and prospective contractual and/or business relationships. (ECF No. 13.) University Village, Lockwood Design, and Donald Lockwood also filed a third-party complaint against Ambling Management Company, LLC ("Ambling"), claiming breach of

contract and a right to indemnification on the theory that Glover was actually, and only, an employee of Ambling. (ECF No. 14.)

Now pending before the Court are (1) Glover's motion to dismiss the counterclaim for failure to state a claim (ECF No. 16), (2) Ambling's motion to dismiss the third-party complaint for failure to state a claim or, in the alternative, for summary judgment (ECF No. 24), and (3) Darin Lockwood's motion to dismiss the complaint for lack of subject-matter jurisdiction (ECF No. 38). The motions have been briefed (ECF Nos. 16, 19, 35, 41, 42, 43), and no hearing is required, Local Rule 105.6 (D. Md. 2014). Darin Lockwood's motion will be denied, and the other two motions will be granted.

## II. *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting challenge may be either facial, *i.e.*, complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of complaint are not true). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir. 1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. Analysis

### A. Darin Lockwood's Motion to Dismiss under Rule 12(b)(1)

Because a challenge has been raised to the Court's subject-matter jurisdiction in Darin Lockwood's motion, the Court will address this issue first.

Darin Lockwood contends that Glover did not charge him in her Equal Employment Opportunity Commission ("EEOC") complaint and, therefore, she has failed to exhaust her administrative remedies with respect to him. A plaintiff's failure to exhaust administrative remedies for a Title VII claim deprives federal courts of subject-matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Further, a civil action may be brought under Title VII only against the respondent named in the EEOC charge. 42 U.S.C. § 2000e-5(f)(1). "The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998). However, in various opinions from this Court, a "substantial identity" exception has been recognized to this "naming requirement." In *Chastang v. Flynn &*

3

*Emrich Co.*, 365 F. Supp. 957 (D. Md. 1973), *aff'd in relevant part*, 541 F.2d 1040 (4th Cir. 1976), it was stated:

> [W]here there is a substantial, if not complete, identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of 42 U.S.C. § 2000e-5 to hold that this court lacks jurisdiction.

*Id.* at 964.  *See also Alvarado v. Bd. of Trs., Montgomery Community College*, 848 F.2d 457, 461 (4th Cir. 1988) (noting that *Chastang*'s language had been quoted with approval in dictum in *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981)).

Thus, the naming requirement "is not applied in a hyper-technical fashion." *Kronk v. Carroll Cnty., Md.*, Civ. No. L-11-277, 2012 WL 245059, at *5 (D. Md. Jan. 25, 2012). Consequently, if the purposes of the naming requirement are met—that is, if (1) the defendant contesting jurisdiction had fair notice of the EEOC charge and if (2) the EEOC had the opportunity to mediate the controversy—then a failure to name a specific defendant may be excused. *Elzey v. Wal-Mart Assocs., Inc.*, Civ. No. RDB-11-2151, 2012 WL 3715321, at *3 (D. Md. Aug. 28, 2012); *Vanguard Justice Soc. Inc. v. Hughes*, 471 F. Supp. 670, 687 (D. Md. 1979).  *See also Chastang*, 365 F. Supp. at 962 (actual attempt by EEOC to mediate is not jurisdictional prerequisite; Title VII's policy of encouraging informal negotiations and conciliation efforts by EEOC satisfied as long as EEOC had opportunity to mediate).  This is in keeping "with the judicial policy of liberally construing Title VII." *Id.* at 964.

The Court has been supplied with various documents relevant to the question at hand. The first noted is the EEOC "Intake Questionnaire" filled out by Glover on January 3, 2012. (Pl.'s Opp'n, Ex. 1, ECF No. 42-2.)  In it, Glover indicates her belief that she was discriminated against by her employer and the owner of the property where she worked; in the space for "Organization Name," she wrote, "University Village owner Darin Lockwood."  Glover named

both "Don Lockwood" and "Darrin Lockwood" as persons responsible for the discriminatory actions taken against her. She indicated that at the end of December 2011, approximately two weeks after she had reported her complaint of sexual harassment to Ambling, her employment was terminated. Attached to her Intake Questionnaire was a narrative list of the acts of sexual harassment committed by Darin Lockwood against her.

The next relevant document is a letter written by her former counsel on February 2, 2012, and addressed to

> University Village at Salisbury, LLC
> Lockwood Design and Construction, Inc.
> c/o Don Lockwood

(Darin Lockwood Mot. Dismiss, Ex. 3, p. 15, ECF No. 38-5.) In it, Glover's then-attorney invited the recipient to contact him regarding a settlement of her claims.

The third document of note is the formal EEOC "Charge of Discrimination," dated April 17, 2012, naming "Lockwood Design and Construction" as the respondent and describing incidents of sexual harassment by Darin Lockwood as well as the retaliation against Glover in the form of employment termination. (*Id.*, p. 18.) She referred to him in the charge as a principal of the company.

Next, on August 22, 2012, Darin Lockwood's former counsel, Mr. John W. Paradee, wrote a letter to the EEOC's Baltimore office, in reference to the mediation conference scheduled for August 27, 2012, pursuant to Glover's EEOC claim. (Pl.'s Opp'n, Ex. 3, ECF No. 42-4.) The attorney said his purpose in writing was

> to request permission to attend the August 27th mediation conference on behalf of my client—the accused and alleged perpetrator—Darin A. Lockwood. Although I do not represent Lockwood Design & Construction, Inc. ("LDC"), the employer named in the charge of discrimination, I do believe that my attendance and participation in the mediation conference is critical for any prospect of resolving the charge of discrimination via mediation—if for no other reason than it is my

5

>client's alleged conduct which is at issue, and, therefore, any effort to mediate the claimant's claims and/or fashion a remedy designed to provide redress to the claimant will necessarily require input or response from my client.

Mr. Paradee copied Darin Lockwood as well as John O'Brien, the attorney representing Lockwood Design, on the letter.

Then, on December 18, 2012, the EEOC's investigator, James P. Norris, sent a letter to this same attorney, Mr. Paradee:

>This letter is to inform you that the above reference[d] charge has been assigned to me for investigation. On May 16, 2012, the Commission sent a Notice of Charge to your client's attention regarding the above listed Charge of Discrimination. The Commission requested that your organization provide a statement of position with respect to the allegations set forth by the Charging Party. Based on correspondence contained in the file, it appears the parties were scheduled for a Mediation Conference on Monday, August 27, 2012. Due to a failure to resolve this claim, the Charge was forwarded to our Enforcement Unit for investigation. As a result, the Commission is now requesting a formal statement of position with respect to the allegations set forth by the Charging Party. Please submit the requested documentation no later than January 16, 2013.

(*Id.* Ex. 2, ECF No. 42-3 (emphasis omitted).) Further, Mr. Norris indicated the EEOC's willingness to engage in a predetermination settlement.

Mr. Paradee responded with an email message on January 3, 2013, advising Mr. Norris that he did not represent the employer in the matter, but that he did represent Darin Lockwood, "whose alleged conduct appears to be the subject of the claimant's charge of discrimination." (*Id.* Ex. 4, p. 3, ECF No. 42-5.) He also indicated that Darin Lockwood was neither an owner nor an employee of Lockwood Design, that Glover had never been an employee of Lockwood Design, and that Glover's charge should be dismissed with prejudice. Mr. Paradee copied Mr. O'Brien on the message.

After Mr. Norris acknowledged Mr. Paradee's message on January 9, 2013, Mr. Paradee sent another message promptly and clarified that, while Mr. O'Brien was the appropriate contact

for Lockwood Design, Mr. Paradee was requesting that he be copied on all correspondence and be kept apprised of all developments in the matter. (*Id.*, p. 2.) Mr. O'Brien retired and was replaced as counsel by Constantine Malmberg III, who, in his own response to Mr. Norris, repeated the substance of Mr. Paradee's email response to Mr. Norris as the position of Lockwood Design. (*Id.*, p. 1; Ex. 5, ECF No. 42-6.)

The EEOC issued its "Determination" on February 14, 2014, and in it, the EEOC determined reasonable cause existed to believe that Glover had been retaliated against because of her complaint of sexual harassment. (Compl., Ex. 1.) The respondent was invited to join in a conciliation to resolve the EEOC charge. The conciliation effort was not successful, and Glover was issued her right-to-sue letter on March 21, 2014. (*Id.* Ex. 2.) This suit was timely filed on June 5, 2014.

The Court also notes certain allegations by Glover in her complaint:

¶ 4 – University Village is a Maryland limited liability company formed in 2004 by its members, Darin Lockwood and Donald Lockwood (collectively the "Lockwoods"), for the purpose of acquiring real estate and developing, managing, or otherwise maintaining it for profit. Upon information and belief, University Village was formed by the Lockwoods to manage and operate the University Village Apartments. The Lockwoods exercise ultimate control and final authority of the University Village Apartments, including its management staff.

¶ 5 – Onley Road is a Delaware limited liability company formed in 2001 by the Lockwoods. According to Maryland State Department of Assessments and Taxation, Onley Road owns the real property on which the University Village Apartments are situated, which is more particularly described as 202 Onley Road, Salisbury, Maryland 21801. Upon information and belief, the Lockwoods formed Onley Road to hold title to the University Village Apartments.

¶ 6 – Lockwood Design is a Delaware Corporation formed by the Lockwoods in 1984. The Lockwoods are shareholders of Lockwood Design. Upon information and belief, Lockwood Design constructed the University Village Apartments. According to the EEOC's Determination, Lockwood Design contracted Ambling Management Company ("Ambling") to conduct the day-to-day operations of University Village Apartments. Through Ambling, Defendants[ ] employed,

> directed, and paid Ms. Glover to serve as Property Manager of the University Village Apartments.
>
> ¶ 7 – Darin Lockwood employed Ms. Glover.  He disregarded the corporate formalities of his businesses by using the business names interchangeably for matters pertaining to the University Village Apartments and exerted direct authority over Ms. Glover.
>
> ¶ 8 – Donald Lockwood employed Ms. Glover.  He disregarded the corporate formalities of his businesses by using the business names interchangeably for matters pertaining to the University Village Apartments and exerted direct authority over Ms. Glover.
>
> ¶ 16 – Darin Lockwood and Donald Lockwood exercised significant control over the terms and conditions of Ms. Glover's employment.  They defined Ms. Glover's job duties and responsibilities and required her to report on her performance directly to them.  Ms. Glover's salary was paid from the profits of the Lockwoods' business(es).
>
> ¶ 17 – Darin Lockwood and Donald Lockwood visited the University Village Apartments frequently and maintained constant email contact with Ms. Glover.  On any given day, Ms. Glover received multiple email messages from either Darin Lockwood or Donald Lockwood directing her about the performance of her duties.

(Compl.)

The Court concludes that Darin Lockwood received fair notice of the EEOC charge, which specifically referred to allegations of sexual harassment committed by him, and that the EEOC had an opportunity to mediate with him to resolve it.  Further, the Court concludes that substantial identity of the parties before the EEOC and the Court allows a determination that Glover exhausted her administrative remedies against Darin Lockwood.  "Substantial identity" can be derived from the overlapping layers and interchangeability of corporate entities as well as the disregard of corporate formalities by the Lockwoods in the day-to-day operations of the University Village Apartments.[1]

---

[1] The Court acknowledges that Darin Lockwood has provided documents showing unresolved Delaware state court litigation between Darin Lockwood and other Lockwood family members and entities, with the litigation arising subsequent to the events detailed in Glover's complaint.  However, Glover cannot be held responsible for

Consequently, subject-matter jurisdiction exists in this Court over Glover's suit. Darin Lockwood's motion to dismiss for lack of subject-matter jurisdiction will be denied.

### B. *Glover's Motion to Dismiss Counterclaim*

Plaintiff seeks dismissal of the counterclaim filed against her by University Village and Donald Lockwood on the ground that it fails to state a claim for relief. In the first count of the counterclaim, Counterclaimants allege that Glover is liable for an alleged abuse of process. Because this count arises under state law, the Court looks to the elements of the tort recognized in Maryland law: (1) willful misuse of criminal or civil process against another party (2) for a purpose other than the proceeding's intended purpose, (3) thereby causing the other party damage. *State v. Rendelman*, 947 A.2d 546, 556 n.9 (Md. 2008). "There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Palmer Ford, Inc. v. Wood*, 471 A.2d 297, 311 (Md. 1984). An abuse of process requires "a perversion of court process to accomplish some end which the process was not designed to accomplish; it does not arise from a regular use of process, even with ulterior motives." *Capitol Elec. Co. v. Cristaldi*, 157 F. Supp. 646, 648 (D. Md. 1958), *quoted in Attorney Grievance Comm'n of Md. v. Roberts*, 904 A.2d 557, 571-72 (Md. 2006).

Counterclaimants have failed to state a claim for relief. They have alleged that Glover abused the EEOC's process for charging violations of employment law, specifically, by claiming that she was an employee of the Counterclaimants when she was never employed by them. Further, they allege she has abused the process of the instant litigation by making false allegations as to the Counterclaimants' conduct. As to the former contention, the Court has already decided that Glover has sufficiently alleged that she had more than one employer by

---

that internal discord in the Lockwood family and their various businesses, and its existence does not affect the Court's determination that Glover has properly exhausted her administrative remedies before filing this suit.

making factual allegations supporting the inference that several individuals and entities exercised authority over her. Thus, it was not an abuse of process for her to involve them in the EEOC proceeding; rather, it was a proper use of that process. As to the second contention, Counterclaimants have accused Glover of "false allegations" in her complaint in this Court, but have done so in a conclusional fashion. This count fails to satisfy the *Twombly-Iqbal* standard of factual specificity to permit the Court to draw a reasonable inference of wrongdoing by Glover.

The other count in the counterclaim is that asserted by University Village based upon Glover's alleged tortious interference with actual and prospective contractual and/or business relationships.

> A claim for intentional interference with contractual or business relations requires the following elements:
>
> > (1) intentional and wilful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.

*Blondell v. Littlepage*, 991 A.2d 80, 97 (Md. 2010) (internal quotation marks and citations omitted).

This count also suffers from inadequately precise factual allegations to allow the Court to draw a reasonable inference that Glover has engaged in wrongful conduct. University Village has not plausibly alleged that Glover has actually interfered with any existing contract or any prospective business relationship.

Consequently, Glover's motion to dismiss the counterclaim will be granted.

### C. *Ambling's Motion to Dismiss Third-Party Complaint*

Ambling's motion seeks dismissal of or, in the alternative, summary judgment on the Third-Party Plaintiffs' complaint against Ambling. Considering the motion as one under

Rule 12(b)(6), the Court finds it should be granted because the third-party complaint fails to state a claim for relief.

The third-party complaint alleges breach of contract in Count I and a claim of indemnification in Count II.  Third-Party Plaintiffs contend in Count I that, under the management agreement between University Village and Ambling, Ambling is solely and completely responsible for all matters pertaining to Glover, her employment with Ambling, and the termination of her employment.  (Third-Party Complaint ("TPC") ¶ 16, ECF No. 14.) Further, they contend, Glover's asserted claims "are allegedly based squarely upon the termination of her employment, which termination was Ambling's sole act and decision (as Glover's employer)."  (*Id.* ¶ 17.)  Therefore, they continue, in regard to defending Glover's complaint and associated costs and expenses and to the extent that anyone is held responsible for allegations of Glover proven to be true, then "Ambling bears such responsibility, solely and completely, under the terms of the Agreement, and owes such contractual duty to Third-Party Plaintiffs."  (*Id.* ¶ 18.)  Then, they allege, "Ambling has breached such contractual duty(ies) and, as a result, Third-Party Plaintiffs have suffered and will continue to suffer economic losses."  (*Id.* ¶ 19.)

To evaluate the plausibility of Count I, it is necessary to determine if the management agreement states what Third-Party Plaintiffs allege it states and then to determine whether Third-Party Plaintiffs have alleged sufficient factual content to show that Ambling has breached the agreement.  Third-Party Plaintiffs attached a copy of the agreement to their complaint, and since it is integral to their complaint and since its authenticity has not been questioned, the Court will consider its contents in ruling upon Ambling's motion to dismiss.  *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

The agreement does state in section 5.2(a), "All matters pertaining to the Manager's Employees, including their employment, supervision, compensation, promotion and discharge, shall be the responsibility of Manager." Ambling is the "Manager" in the agreement. However, to read into that one statement that Ambling has "sole and complete responsibility" for everything pertaining to its employees would effectively add language that does not exist in the agreement. As well, to extend that nonexistent language to create a duty by Ambling to defend and indemnify Third-Party Plaintiffs for any matter involving an Ambling employee would result in the creation of a new term to the contract, something "expressly forbidden by Maryland contract law." *Arthur E. Selnick Assocs., Inc. v. Howard Cnty., Md.*, 51 A.3d 76, 94 (Md. Ct. Spec. App. 2012). The duty to defend and indemnify is explicitly addressed in section 8. Since the parties carefully defined and limited that duty in section 8, it would be unreasonable to find that another part of the contract created an implicit, overarching, broad duty to defend and indemnify that nullified the limitations placed on it in section 8. The Court must consider all of the contractual provisions and interpret them harmoniously so as to give meaning and effect to all of them. *Owens-Illinois, Inc. v. Cook*, 872 A.2d 969, 985-86 (Md. 2005) (court must give "effect to every clause and phrase, so as not to omit an important part of the agreement").

Because Third-Party Plaintiffs' claim in Count I depends upon the Court's finding a contractual duty of Ambling that does not exist, Ambling's motion will be granted as to Count I.

Count II also does not survive the motion to dismiss. In it, Third-Party Plaintiffs claim,

> Under Section 8 of the Agreement, Ambling must indemnify Third-Party Plaintiffs in regard to the claims asserted by Glover in the Complaint, and they have failed to do so. As a result, Third-Party Plaintiffs have suffered and will continue to suffer economic losses, including reasonable attorneys' fees and litigation expenses.

(TPC ¶ 21.)

In the portion of section 8 that deals with Ambling's duty to Third-Party Plaintiffs, it states in part,

> Manager agrees to defend Owner, and its officers, trustees, agents, and employees from and against any and all claims, demands, losses, liabilities, actions, lawsuits and other proceedings, and pay all judgments, awards, costs, and expenses (including reasonable attorneys' fees and disbursements) finally awarded against Owner which arise out of a claim or demand by a third party **to the extent that such claim or demand arises from Manager's breach of its obligations under this Agreement, and results in personal injury, death, or property damage, in proportion to the degree of fault attributable to Manager**.

(TPC, Ex. A, section 8.1 (emphasis added).)

Thus, Ambling has a duty to defend Third-Party Plaintiffs from and indemnify them for Glover's claims *only* to the extent that her claims arise from a breach by Ambling of its obligations under the agreement and, even then, *only* to the extent that any claimed injury is "in proportion to the degree of fault attributable to" Ambling. Having reviewed Glover's complaint, the Court concludes that none of her claimed injury arises from a breach by Ambling of the management agreement. Glover is claiming sexual harassment by Darin Lockwood and retaliation based on the termination of her employment, which she alleges, as to the latter event, occurred via email from Donald Lockwood. Third-Party Plaintiffs have not plausibly alleged that any of Glover's alleged injury was caused by Ambling's breach of the management agreement. Consequently, Ambling's motion to dismiss will also be granted as to Count II.

## IV. *Conclusion*

Darin Lockwood's motion to dismiss will be denied. Glover's motion to dismiss and Ambling's motion to dismiss will be granted. A separate order follows.

DATED this 25th day of February, 2015.

                                                BY THE COURT:

                                                /s/
                                            James K. Bredar
                                            United States District Judge